**MUELLER, Plaintiff-Appellant, v. HAAS et, Defendants-Appellees.**

Ohio Appeals, Second District, Shelby County.

No. 171.   Decided March 17, 1955.

David M. Myers, Celina, Carroll V. Lewis, of Blake & Lewis, Sidney, for plaintiff-appellant.

H. K. Forsythe, Sidney, Don Short, Celina, for Harry Buckley.

R. E. Boller, Jr., Sidney, for Edwin H. Haas.

Melvin Light, Lima, for C. E. Duff.

226

**OPINION**

By HORNBECK, J.:

This is an appeal on questions of law from judgments entered on a directed verdict in favor of Harry Buckley, defendant, and on a verdict of a jury in favor of defendants, Edwin H. Haas and C. E. Duff.

Plaintiff, a minor, instituted her action against the defendants for damages for personal injuries suffered by her in an accident which occurred on State Route 274 in Shelby County, Ohio, on April 29, 1950, shortly before noon. On the day in question, high school students and members of the school band of the Coldwater High School were traveling by auto to Columbus, Ohio, to attend a band festival. There were a number of cars in the caravan, headed by the school bus. One or two cars followed the bus before what is known in the record as the Buckley car, a Chevrolet. Behind the Buckley car was the car of William B. Forsthoefel (a Hudson), in which plaintiff was riding, and there was a number of other cars following. The caravan was moving in an easterly direction and as it approached what is referred to as the Davis residence, which was on the south side of the highway, a car (a Pontiac) was parked, driven by Edwin H. Haas (defendant), a mail carrier. When the plaintiff's car reached a place near the Pontiac which defendant Haas was driving, an empty truck was approaching from the east, driven by Dallas Kemp, an employee of defendant, C. E. Duff. A collision occurred between the Buckley car and the Haas car, and between the Buckley car and the truck. The order of these collisions is in dispute. The truck then left its lane, crossed the center line, struck the plaintiff's car, turned around and upset. Plaintiff's car ran off to the edge of the road to the south and came to rest.

Plaintiff charged that the defendants were jointly and concurrently negligent, proximately causing the collision in which plaintiff was injured to her damage. Several specifications of negligence were charged against each defendant. Plaintiff averred that Robert Olwine, the driver of the Buckley car, was his agent and acting for him at the time of the collision. At the conclusion of plaintiff's case the court on motion directed a verdict for defendant Buckley for the reason that it did not appear that Olwine was his agent. The trial judge charged on all of the various specifications of negligence. During his instructions, he defined the law of emergency with particular application to the operation of the truck of defendant, Duff.

There were at least three versions of the manner in which the cars involved came into the collision, which it is not necessary to state with particularity.

Plaintiff assigns four errors: One, in striking from the amended petition the specification of negligence against C. E. Duff concerning "as-

sured clear distance ahead." Two, in directing a verdict at close of plaintiff's evidence in favor of Harry Buckley on the question of agency. Three, in charging upon the doctrine of emergency. Four in failing to give the special charge presented by plaintiff-appellant before argument.

In the first amended petition, the plaintiff charged that defendant, Duff, was driving his car at a rate of speed greater than was reasonable and proper, and also that he operated the truck at a speed greater than would permit him to stop within the assured clear distance ahead.

The motion to strike these specifications of negligence was predicated on the claim that they merely stated conclusions of law. Plaintiff then filed a second amended petition, and in the specification charging a rate of speed that was faster than was reasonable and proper, set up the rate of speed. Upon the specification as to the "assured clear distance ahead," no further attempt was made to plead. Exception was noted to the ruling of the court. The court did not err in its ruling. It is evident that plaintiff did not elect to pursue the "assured clear distance ahead" theory of her case or she would have amended, as was done respecting the charge that the speed of the truck was "greater than was reasonable and proper."

Second assignment. The evidence on the subject of the agency of Olwine, the driver of the Buckley car, was undisputed. It appears that following a practice of several years, the use of cars was volunteered for the purpose of transporting the band and others desiring to go to affairs such as the one that was to be attended on the day of the accident. Mr. Buckley consented that his car be used for transportation of the members of the band. He was satisfied to let Mr. Olwine drive it. Olwine was not at the time of the collision acting for or on behalf of the defendant Buckley. Buckley did not direct, nor attempt to reserve the right of control of Olwine in any particular whatever. Restatement Law of Agency, Par. 1, page 10. The use of the car was purely gratuitous on the part of Buckley, and the only relationship between him and Olwine that could have been created was that of bailment. **5 O. Jur. page 89.**

The third assignment relates to the charge of the court as to emergency. The trial judge, of course, left to the jury determination whether or not an emergency existed and merely defined the care which was required to be exercised by the driver of the Duff truck, if and when it found that an emergency did exist. Kemp, Haas and Olwine all say that the collisions occurred very closely together; two say a matter of split seconds; another that he did not even have time to apply his brakes. It was undisputed that the truck of defendant, Duff, was, prior to the first collision, moving on the highway on its right or north side thereof, and upon the testimony of Kemp, the driver of the Duff car, he was not only on his side of the road, but clear over beyond the berm and at the edge of the grass immediately before he was first struck, and that the impact of the Buckley car, when it struck the "back duals" put the truck completely out of operation. Upon the testimony thus adduced, it was proper and correct for the court to charge the principle of emergency.

It is urged that the court should have charged "assured clear distance ahead" if it was proper to charge emergency. Inasmuch as the plaintiff did not plead assured clear distance ahead, it would not have been proper for the court to charge it as a part of plaintiff's case.

The fourth assignment of error relates to the special charge requested by plaintiff to be given before argument. This charge read:

"It is the law of Ohio that where three parties are guilty of negligence, and the negligence of one of the parties concurring or cooperating with some negligence of the others, is the proximate cause of the injuries complained of by plaintiff, the party injured may choose between the joint wrongdoers and prosecute her action against any one, or any combination. Therefore, if you find that the defendant Haas was negligent, or that defendant C. E. Duff, through his authorized agent and employee Dallas Kemp, was negligent, and that either of these acts of negligence were the direct and proximate cause of plaintiff's injuries, then in such case, either or both would be liable to plaintiff, notwithstanding the fact that Robert Olwine was also guilty of negligence, which was a direct and proximate cause of plaintiff's injuries."

This charge, in the form tendered, was not sufficiently specific and definite as to the law controlling the subject matter thereof as to require the trial judge to give it. It is general in its statement that where three parties are guilty of negligence, etc., the plaintiff may choose against whom she will proceed without indicating with particularity what three parties it is claimed were negligent. At the time the charge was requested there were but two parties, as such, to the action. Defendant Buckley had been dismissed, and Olwine was not in a status of a party and there was no standard which the jury was authorized to apply to determine if he were negligent. The charge does not require a finding as a prerequisite of a verdict against a defendant that negligence be proven against him in one or more of the particulars charged in the second amended petition. The jury might interpret the charge to permit a verdict against one defendant upon proof of a specification of negligence on the part of another defendant. The charge was properly refused.

We find no error assigned well made.

The case was well tried. Although the conflict in the evidence was sharp, the witnesses were definite and specific in their testimony. Upon the plaintiff's evidence a strong case was made against defendant, Haas, in that without warning he drove in front of the Buckley car at a time when its driver had to swerve to his left to avoid a collision. On the other hand, if Haas is to be believed, as the jury had the right to do, he was clear off of the highway on his right side thereof when struck by the Buckley car. The case of plaintiff against defendant, Duff, was presented to the jury upon her theory of the negligence with which he was charged. Olwine not being a party the verdict did not speak as to his negligence, if any.

We are impressed with the unfortunate situation of the plaintiff in this case. She clearly was without fault; there is little, if any, suggestion that her driver was negligent and, if he were, his negligence could not be imputed to her. We can not find that she was prejudiced

in her rights to a fair and impartial trial in any of the particulars assigned as error.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.